IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN MALONE,<br><br>      Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>      Respondent. | 8:21CV258<br><br>**MEMORANDUM AND ORDER** |

      This matter comes on for initial review. Mr. Malone has filed what he calls a "protective petition" pursuant to section 2254. However, he makes no substantive allegations except to argue that I should stay and hold his petition in abeyance so he can pursue a second round of postconviction relief in the state courts based upon newly discovered evidence.

      He has not complied with *Rhines v. Weber*, 544 U.S. 269 (2005). *See*, *e.g.*, *Roberts v. Norris*, 526 F. Supp. 2d 926 (E.D. Ark. 2007) (Before court may exercise its discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition, three prerequisites must exist: (1) the federal habeas petition was timely when filed (even though it would be untimely if dismissed and filed again after exhaustion); (2) the federal habeas petition presents at least one federal claim (or a portion of a federal claim) that has been exhausted, that is, the habeas petition is truly a "mixed" petition; and (3) there is a plausible argument that the petitioner has an available state remedy.)

      Finally, the standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy [§ 2253(c)](#) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." [*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)](#). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* I will not issue a COA.

Therefore,

IT IS ORDERED that the petition (Filing 1) is denied without prejudice to a subsequent properly completed habeas petition and with no obligation to seek permission from the Court of Appeals to file the same. No certificate of appealability has been or will be issued. A separate judgment will be entered.

Dated this 15th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge